Our third case is number 21-11832, Fernando Staple v. The School Board of Broward County, Florida And Mr. Henrickson, you have, you're going to, you're sharing your time, is that, no, you're not. I am, Your Honor. You are, okay. I'm sharing with the United States. Okay, got it. And then you also have some rebuttal time. That's right. All right, you may proceed. Thank you. May it please the Court, Neil Henrickson on behalf of Mr. Fernando Staple. Since 1991, Mr. Staple made his employer, the School Board, aware, and they knew, and this is undisputed, of his sincere, bona fide religious beliefs.   Mr. Staple's religious beliefs and practices, his Sabbath in particular, there was an about-face, a change, and that's how this case comes about in the District Court. What happens, however, is the District Court declines to follow the plain language of Title VII, and in the same month, the District Court's opinion comes out. This Court came out a couple of weeks earlier with the Bailey v. Metropolitan Ambulance Services case. What the District Court did in error was say, despite Title VII's language that it's unlawful to discriminate against any employee, individual, with respect to compensation, terms, conditions or privileges of employment because of religion, the District Court said, we must look at this in a much more constricted and confined way and say, it's only discipline or termination. And the District Court does not cite our Bailey case, correct? That's correct, Your Honor. It did come out the same month, a couple of weeks earlier. It looks like a couple of days or so beforehand, and let me just clarify one sort of threshold question. I am working under the assumption you are proceeding under a disparate treatment claim. Is that correct? District, for failure to accommodate, that's right. That's right. Just wanted to make sure. Not a disparate impact claim. Right. Because Abercrombie has said that just simply a failure to accommodate claim is not cognizable, but you're proceeding under the disparate treatment. That's correct. And if our amended complaint, we talk about indicia of disparate treatment, paragraphs 23, 24 of the complaint about pretextual reasons for this about face and change in 2018, and that's at page 20 of the appendix in our amended complaint, paragraph 26 of the amended complaint, which talked about the failure of this new change by the school board to allow Mr. Staple to accumulate leave. As I understand it, there's no question your client was discriminated against. That's not the issue here. The issue solely, as I understand it, is did that discrimination result in or was the result of an adverse employment action, as you say, or must it be something greater than that discipline or termination as the district court found and as the school board argues? That's really the sole legal issue. That is the sole legal issue. So in other words, you don't want to show discrimination. You've done that. That's right. That's right, Your Honor. And we're saying that the district court's overly narrow view is really taking, the district court took the context of cases like Dixon and other cases. Well, I want to back up a little. Let's talk about that. And I'm going to talk about this with your co-counsel here and with opposing counsel. So I want everyone to be on notice here. Every case that you guys talk about and every case that the district court talked about seemed to me to be a summary judgment case. Or a trial. Or a trial. Now, normally that's not a big deal when we talk about what the elements are. But in the Title VII context, we have created this burden shifting framework that somehow operates differently and apart from the Rule 12b6 standard. Do you agree with me or disagree with me? Generally, that's correct. The McDonnell-Douglas standard is applied. Yes. It applies in the summary judgment context. That's right. As I understand, the Supreme Court has told us, and we've said it ourselves, that those burden shiftings and those prima facie cases do not apply in the context of passing on a motion to dismiss. That's correct. Okay. So then why are we talking about prima facie cases at all, ever, in this context? Right. So, right. And the plaintiff in this case, Mr. Staples, responding to a motion to dismiss by the defendant that says, basically, they're not the elements laid out of this claim. Right. And we're saying the elements are, and again... But the motion is predicated, as I understand it, and again, I want to hear from everybody on this, is predicated on case law, which says the prima facie case for a failure to accommodate religious discrimination claim is A, B, and C, C being, it needs to be discharge or discipline. Whether that's right or wrong or not, I think wrong. Whether that's right or wrong or not, doesn't mean anything to whether this complaint stated a claim under 12B6, correct? That's correct. So what is the standard under 12B6 for stating a claim for a disparate treatment claim with regard to religion, as opposed to race or something else? Well, that there was a sincere, bona fide religious belief, and that there's been a discriminatory act. That's it. That results in an adverse employment action. An adverse employment action. That seems real simple, doesn't it? That's correct. And I think, again, the context of the cases the district court cited are what I think led to the definition of, no, it has to be disciplined. In other words, the confusion amongst, and not to blame the district court, but the way this was briefed in relying on summary judgment cases didn't focus on the real issue, which is, what is the pleading burden in a 12B6 case for a Title VII discrimination claim? Correct. All right, and I guess, and the final issue is the Florida Religious Freedom Restoration Act, and we believe the action was a substantial burden. Thank you. Let me ask you one question about that. Sure. So the district court dismissed the FERFRA claim for two reasons, one of which was standing, and you have not challenged that on appeal. Have you abandoned the issue? No. I think what we're saying is there was actual damage because of the paragraph 26 pled in the complaint, amended complaint, which says he was unable to accumulate leave, and so there would be tangible harm to Mr. Staple as a result of that. Thank you, Your Honor. All right, Mr. Wang. May it please the court, Christopher Wang on behalf of the United States, appearing as amicus supporting appellant. Counsel, thank you for your brief and for appearing today. I know I appreciate it. Is anything I said wrong? I don't believe so, Your Honor. I agree with my, with appellant's counsel that basically to show a prima facie case, you, it's not a very difficult burden. You accept all the allegations and- But let's be careful with the word prima facie. Do you agree with me that the case law and what is a prima facie case for Title VII burden shifting purposes is different than the pleading burden to get to summary judgment? I do agree, Your Honor. Basically, it's a much lighter burden on a motion to dismiss. The Supreme Court essentially said so. Yes, Your Honor. At least with regard to racial discrimination. So I guess my question is, let's put aside the summary judgment stuff. What must a plaintiff allege in a complaint to get past 12B6 in order to allege disparate treatment based on a failure to accommodate theory? The plaintiff must allege an employment action that relates the compensation terms, conditions, or privileges of his employment because of religion. Basically, the denial of the requested accommodation is the discrimination itself. So it's a fairly light burden. As Bailey stated, the burden on a plaintiff to prove his- to show his prima facie case is not onerous. This is consistent with what the Supreme Court said in Meritor versus Vinson on Section 703A1, which is that 703A1 is an expansive concept designed to strike at the entire spectrum of disparate treatments regarding employment based on protected characteristics. Do you agree, is the shorthand adverse employment action a fair one to sort of encapsulate privileges, conditions, terms, the sort of the listing that's in the statute? That's the government's position, yes. Now I know there's some disagreement about the extent of that and the materiality part. I don't know that we need to get into all of that stuff, but because really the dispute here is, does it include things other than discharge and discipline? That's correct, Your Honor. So the government's position is that basically an adverse employment action covers the entire universe of employment actions that relate to the compensation terms, condition, or privileges of employment. That's basically straight from the plain text of the statute. Whatever materiality is, certainly dictating leave policy and changing leave policy, treating someone who believes one thing one way and believes another thing another way, or practices their Sabbath one way versus someone who practices their Sabbath another way, would be implicated by conditions, terms, privileges of employment, correct? Certainly, Your Honor. Requiring an employee to use accrued paid leave to observe a Sabbath, first of all, would affect the compensation because basically paid leave is money you're paid when you go on vacation or ill. Certainly, allowing an employee to have paid leave in the first place is a privilege of employment that's accorded to employees. In other words, let's say this was just a straight race discrimination case and the employee said, I am the race purple and my employer told me that because I am race purple on Fridays at 5.30 during the winter months, I must take my annual leave, whereas people of other races do not have to take their annual leave. We wouldn't even be here under that circumstance, right? That's correct, Your Honor. Under that circumstance, that's basically a discrimination based on it. Why would this case be any different than that hypothetical? I don't think it's any different. Except I just subbed in Seventh-day Adventist for the race purple. Yes, Your Honor. Basically, the requested accommodation constitutes the discrimination and when the employer here denied that requested accommodation, it discriminated against the plaintiff. So yes, that's a pretty straightforward example of discrimination, Your Honor. I would like to return to the Bailey case, which my, uh, which appellant's counsel briefly touched on. You agree though, Bailey also is a summary judgment case. It was, Your Honor. In that case, the, the court, uh, granted summary judgment to the employer based on the, the employer's grant, uh, offer of a reasonable accommodation did not really address the prima facie case. Um, many of these cases basically do give very short shrift, uh, to the prima facie case. They resolve the case based on whether the employer has offered a reasonable accommodation, but certainly Bailey is the most recent decision of this court on this particular issue. It interpreted, uh, Abercrombie, which certainly initiated a sea change in how, um, religious accommodation discrimination claims are, are governed. And Bailey provides the best standard for this court to follow for three reasons. First, it is the only on-point decision interpreting Abercrombie. Second, it is the most recent statement of this court on this particular issue. And third, it, uh, is the standard that provides, that is most faithful to the Title VII's plain text and to its broad remedial purpose. And I'd like to point out to this court, uh, footnote four in Bailey, which I think is a very important for this court to note. And that footnote, the court concluded that Abercrombie modified the prior framework for evaluating religious accommodation discrimination claims set forth in Morrissette Brown that required discharge. At the very least, this footnote certainly suggests that the district court was wrong. In other words, that's the case the district court relied on for its test. Yes. Morrissette Brown and its progeny basically all said that disciplinary discharge was required. Then Bailey came around and said, no, Abercrombie basically modifies that framework and disciplinary discharge is not required. All that's required is an adverse employment action. And that's basically all this court need decide. Basically that the district court erred in, in concluding that discipline or discharge was required for a prima facie case. Basically, we have both the texts of Title VII, its broad remedial purpose and, and Bailey, which by the way, neither the district court nor Appellee cited, much less attempted to distinguish even though Bailey came out several weeks before the district court's ordinance case. But I think, um, it, according to, uh, as, as Judd, Judge Luck has, uh, Appley pointed out, we are here, um, we're not here on summary judgment. No, we're not. And Bailey is a summary judgment case. But I guess what you're saying is your concern would be, we send this back, um, to the district court saying the district court got it wrong in dismissing, but then at some later point, the district court is going to, uh, perhaps at summary judgment, um, run into the same issue again. So you're asking for some clarification? Your Honor, we're just asking you to rule that the district court erred in, uh, concluding that disciplinary discharge was required. It's a fairly modest ask. Um, it's going to be remanded if you, if this court decides that reversal is warranted, it's the case is going to be remanded to the district court for, for further decisions on whether, uh, Mr. Staple did show an adverse employment action. And if so, whether the requirement that he used accrued paid leave was a reasonable accommodation. So that's all, these are all factual issues that the district court is going to decide. I see that my time is up and unless the panel has further questions, I respectfully request that the court reverse the district court and remand for further proceedings. Thank you very much. Thank you. Uh, Mr. Burke. Good morning. My name is Michael Burke. I represent the Appalachee School Board of Broward County in this matter. Um, our position is that the court should reject the argument that is advanced by the appellant and the amicus that a claim for relief is stated under Title VII, where it is alleged that an employee, uh, is utilizing an accommodation provided by the employer, utilizing it. Well, counsel, let's back up for a second because that's the secondary argument. Let's deal with the initial argument, which was that the district court here granted a motion to dismiss because it found that the elements of the prima facie case had not been alleged specifically that the employee had not been terminated or discharged or had not been disciplined. That was the holding of the district court. It was. You agree that's wrong. Uh, I, you, I don't, I, I disagree. Yes, I do agree that the use of the words discharge and discipline to the exclusion of adverse personnel, adverse employment action would be wrong. I think the term prima facie, in other words, I just want to be clear about your position and correct me if I'm wrong. You agree with me. The universe of adverse employment actions or adverse personnel actions are much greater than, um, uh, than just discharge or discipline, correct? I do agree. Okay. So, uh, the district court got it wrong. We all agree with that. Fine. Tell me where that leaves us. Well, where that leaves us is what the district court got right was the result and the right result was that this complaint failed to state a viable claim under title seven because it does not allege an adverse employment action. It only alleges, let me ask you this short, let's say that I, uh, you, uh, work for me and you have identified as a race of the color purple. And I tell you that because of your race of the color purple, you can, must take your annual leave at five 30 on winter months when everyone else does not have to take their leave at five 30 on winter months. You would agree with me that that would be an adverse employment action, correct? Under the way you describe it. Yes. But that's not what Mr. Staple was told. We're going to get there, but you, but if requiring someone to take their annual leave when they did not want to take their annual leave and we'll get to whether there was a reasonable accommodation here or not, because I think that's where you're at it. That is, you would agree with me and adverse employment action or personnel action, correct? I would disagree with that. Why is that? Why is requiring someone to take leave? If the policy is you can take leave at any time for a vacation day or sick day and I am requiring you to take it even though you're not sick and you're not on vacation, how is that not adverse to that employee? It's not adverse because the employee has the option of whether or not to take the leave. If they choose to take the leave, I'm telling you they're manned under my hypothetical, the employer is mandating you because you were the color purple to take the leave. If the employer were mandating that you take the leave because you're a of a particular race, I would agree that that's a title. So now let's get to our hypothetical. Okay. My religion requires me to be home and not at work on sundown on Friday. Okay. God himself has told me that that is what I need to do. Sure. He is compelled. You would say the only way that you can do that is to take your leave, whereas no one else is required to do that because no one else is of the same religion or beliefs. How is that not the same compulsion? I don't believe that it is. I think that what was said here was that you want to take leave at five 30. Fine. You can do that. And if, and if you're going to do that, you need to use your accrued leave time to compensate yourself. You're forcing someone. In other words, the only way that you can get home in time to meet your religious requirements is to take leave. How is that not mandatory for him? Your honor, he could choose to take unpaid leave. Where's that alleged? Well, he was told that, that he could get paid by taking accrued leave. No, he, the allegations, the allegations are, if you want to do this, you must take your paid leave. That's the allegation. Okay. Maybe what am I, am I wrong? Am I wrong? Am I wrong? That's not the allegation. I have the complaint right here. No, they, they, they said that if you wanted to take leave early from your afternoon shift supervisor during a very limited period of time, just the winter months that you would need to take that two and a half hours leave. So he is required to do it. So I just don't, I'm having trouble seeing how he is not the same way as the employee who is identifies as the color purple is required to take leave. They're both under a compulsion by their employer to do it. One by religion, one by race. So if the distinction were that we're going to let you take the time off to take care of your religious practices and you can take a crude leave or you can take it unpaid. That's fine. I don't know the answer to that. And that may be something that has to be litigated. The allegations that we are have are, I asked you for one accommodation, which allows me to come in early. You've told me no, right? Fine. You told me I have to take, if I want to leave early on my month on these days in order to meet my religiously compelled obligations, I must take my leave. You must use your accrued leave if you're going to leave work early. Yes. And how's that? I just don't see how that's different from a compulsion for someone based on race or based on gender or anything else that title seven prohibits. The basis of it was not based on religion. It was based on if you're not going to be here working, you need to take your leave time. You know, we're not, we're going to, you have to remember the context. That may be what is there, but title seven only requires a motivating factor. And he is alleged here that I told them my religion and here they have accommodated me for 20 years, even accommodated me when I came back originally. And now they are not accommodating me in the way that they did. They are telling me that I must do this. So I'll, and we have to take all reasonable inferences in favor of the plaintiff. It may be right. I'm not saying that there was discrimination. I'm saying, can we not see a reasonable inference of that religion was a motivating factor in the decision to mandate that leave was taken at five 30 on winter months. I disagree with that. Let me put it into another, let me give another hypothetical related to yours, which happens all the time in this country. Uh, people, people of various religious beliefs want to take particular days as holidays. Yom Kippur, all saints day, whatever it is. Now those holidays are not necessarily provided by the employer. And so the, the accommodation, if somebody wants, comes in and says, I don't want to work on Yom Kippur, I don't want to work on all saints day, that the typical response to accommodate that is fine. Take it off and use it on, use your paid leave. There's no doubt that that's true, but again, we're on a motion to dismiss here and the allegations are that for 20 years I've been a faithful employee of the county and you have accommodated me one way. And now you are telling me that I cannot be accommodated in that way, that I must take my leave, not just for Yom Kippur or Rosh Hashanah or Sukkot that happened to fall on weekdays, but instead every single Sabbath for the bulk of winter months. So I, and, and by the way, it wasn't phrased, at least in the complaint as here's an alternative basis to do something. It is your accommodation is denied. You must do this. So again, taking all inferences in favor of the plaintiff, how is he not stated a claim of a failure to accommodate here, even if at the end of the day you're right, that you may be able to prove at summary judgment that he was accommodated? He hasn't stated a claim because disagreeing with the accommodation that is offered to you does not constitute adverse employment action. Show me where in the complaint that this was offered as an accommodation. That's what he alleges. Show me. I have the complaint right here. Show me. The allegation, as I understand it, is he was told your accommodation is denied. Yeah, his request, he's a supervisor. He wanted to show up in the morning where there's other supervisors so that he could sit there and watch other supervisors supervise. And so they said, no, you can't do that. But if you want to leave early, you can leave early and take care of your religious practices that are required. Choose your accrued time. Show me where that's an accommodation, where that was offered as an alternative accommodation. That issue wasn't raised in the brief, so it's going to take me a while to find the answer to your question. It's not. I'm looking at pages 6 and 7 of the complaint, which is docket entry 10 of the amended complaint. It's not. There was no offer of an alternative reasonable accommodation. Again, that may be what the facts are, but that's not what the allegations state. And the other issue is, at least as he alleges, the reason he was given was a pretext. He says the reason he was given was false. Well, that's the reason for why they didn't approve his accommodation. That's what he says. Saying that's false. That doesn't matter. If the accommodation offered is a reasonable one, it doesn't matter anything concerning the one that he requested. It doesn't matter if it's false for making a determination of whether there's causation has been met or whether there's been discrimination. It would be totally irrelevant to it. If he's offered a reasonable accommodation, the inquiry ends there. And the cases are uniform on that. Show me where he was offered an alternative accommodation. Right. So he got this information from the director of equal employment and opportunity when he was processing his reasonable accommodation request. So the person, he states, Mr. Alvarez, who's not his supervisor, he goes at great lengths to explain that Mr. Alvarez is the director of the EEO department who he's processing his reasonable accommodation complaint with. He then details that Mr. Alvarez is the one who told him that Mr. Alvarez advised that plaintiff that he would need to use his accrued paid leave if he wanted to leave work before 730 p.m. due to his religious beliefs. In other words, defendants still permitted plaintiff to refrain from working Sabbath hours, that's the accommodation, but required him to use accrued paid leave for the Sabbath hours that overlapped with his schedule. In explaining the reason for denying the accommodation, Mr. Alvarez, and he goes on. Where does it say that that was the reasonable accommodation offered after his accommodation was rejected? Those precise words are not used, Your Honor. Right. In other words, in fact, as I understand the allegations in the complaint, before, so when they originally said you got to go through the EEO process, he was, that's what he was told to do. Take your leave and then we'll go through this process. So nothing changed from before he went through the EEO process to after he went through the EEO process. I, I, I did not, I don't read the complaint that way, Your Honor, but, uh, the point is, I think what was the point that the district court, uh, uh, relied on. H5 paragraph 19. Tell me how else I should read it. While plaintiff waited for defendant's response to his accommodation request, Ms. Fulmore required plaintiff to use his accrued leave for the Sabbath hours that overlapped with his original shift schedule. And then when he, when it was denied his request, he was told to do the very same thing that he was doing before. How is that an accommodation? Accommodation because they allowed him to leave work early. Do what he was otherwise entitled to do? Well, Your Honor, Your Honor's assuming that, that you can just take paid leave for two and a half hours as opposed to, you know, as opposed to taking a day off or a half a day off. You know, employers have regulations about coming in to work and things like that. I, I think it was, no one has raised this issue, uh, at this point, but what the basis of the district court's decision was. Right. The district court didn't rule that, that he was given a reasonable accommodation. They did not. District court did not. Right. Uh, what, what was at issue was, I'm, I'm utilizing the accommodation that the employer has provided, which allows me to leave work early. My, I, it eliminates the conflict with my religious practices. The only issue that is, that, that's involved here is whether requiring someone to use accrued leave for their absence amounts to an adverse employment action. If it does, the school board loses. If it, if it, if that kind of, of thing that goes on every day in this country, uh, for, for people who seek to, uh, have time off for their religious needs and use their accrued leave, if that's, if that's an adverse employment action, we lose. And it, but that's what they're asking you here. They're asking you to greatly expand the concept of adverse employment action to include, it's an, they assert, and the government comes out directly and says it, says it's an adverse employment action if the employee utilizes the accommodation provided by the employer but objects to it, wants something else. Well, so the cases you're going to have coming into the district court are not going to be those based on discharge, discipline, or other actual adverse employment actions. But the district court is then going to have to litigate, uh, and decide whether or not there was a reasonable accommodation without there even being any adverse employment action as an underpinning of that. And I suggest to you that's the wrong approach to take. That's what I see happening here. But, um, so if, if an adverse employment action, uh, equals the requiring someone to use accrued leave when they're not, when they choose not to work for other reasons, whatever they are, uh, then, then, uh, I would say the school board would lose. But I don't believe that's supported in the law, Your Honor. I think instead, to the contrary, what, what, what the cases say is that the fact that the employer does not grant the accommodation request of the specific accommodation request of the employee does not establish that there is discrimination or that it's unreasonable. And that if a reasonable accommodation is provided for that request, uh, that controls regardless of whether it would have been no undue burden for the employer to grant the one requested by the employee. And so that's, that's what we say, Your Honor. Thank you. I have nothing further. Thank you. Thank you. Mr. Heinrichson, do you have two minutes left? Just very briefly, uh, just to confirm for the Court, there was no, uh, pled in any way a alternative accommodation. In fact, as, as, uh, Judge Locke noted on page 22 of the appendix, paragraphs 23, 24 of the amended complaint. And again, viewing this, uh, the facts in a light most favorable to, uh, Mr. Staples in this matter and, uh, in construing all inferences in his favor, it says the request for accommodation was denied. That's it. There was no accommodation, um, granted wasn't your request is denied, but we're going to go into an interactive process that will lead us to another accommodation of some sort, right? That just didn't happen. Yeah. That just didn't happen in, at all. And in fact, everyone, uh, could take, uh, paid leave, uh, so there is nothing. And in fact, nothing meant to accommodate and in fact, the explanation for the denial of the request is set forth in paragraph 24, uh, was alleged to be false. Um, so there's that instance. And then counsel said that, um, that anyone, any employee had a choice to take paid leave. But I guess that, and, and not knowing the exact context, but thinking about it in response to the court's questions, that would mean a choice between, uh, religious faith and practice, uh, or having, uh, this position in those, those times. And that's a violation of title seven. You have a response to counsel's argument that, uh, if we grant the relief you seek here, that we'd be opening the floodgates to people seeking, uh, compensated time, uh, for, uh, All Saints Day and various other religious holidays other than the Sabbath? And not at all. I mean, this is a, as, as this court and other courts have held, uh, courts of appeal have held this fact by fact analysis, and in this case, uh, that type of, uh, open the floodgates argument just does not fly, uh, because it is not the kind of facts here where you're talking about, uh, someone who's losing, uh, pay who's alleged these type of facts would not open the floodgates. Thank you. Thank you. Uh, we have your...